UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARGILL, INCORPORATED,

        Plaintiff,

        v.

CANBRA FOODS, LTD.,

        Defendant.

No. CV 03-1209

OPINION AND ORDER
RE: Motion for Judgment as a Matter
of Law and Alternatively a New Trial

**MOSMAN, J.,**

    Defendants move for judgment as a matter of law and alternatively a new trial on three loosely related theories that go to the validity of the patents at issue: anticipation, enablement, and obviousness. These three motions (#518, 519, 520) are brought under Fed.R.Civ.P. 50(b) and 59. I have carefully reviewed these motions, their associated pleadings and evidence, and the relevant record at trial. Based on this record, including the arguments of counsel and my own comments made when these same issues were raised under Rule 50(a), I DENY these motions.

The standard for judgment as a matter of law begins with the language of Rule 50: It is appropriate when "there is no legally sufficient basis for a reasonable jury" to have found for plaintiff on these issues. The standard for granting a new trial is similar. "A new trial is proper only if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.'" Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1005 (9th Cir. 2004) (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 819 (9th Cir. 2001).

Layered on top of these already formidable hurdles for defendants is the substantive burden of proof on the merits of each of these three theories of defense. Defendants had the burden at trial of proving each theory - - anticipation, enablement, and obviousness - - by clear and convincing evidence. See Lisle Corp. v. A.J. Mfg. Co., 398 F.3d 1307, 1316 (Fed. Cir. 2005) ("[o]n numerous occasions, this court has recognized that a party challenging a patent's validity has the burden of proving by clear and convincing evidence that the patent is invalid, and that that burden does not shift at any time to the patent owner.") In addition, the trial jury had to take into account the presumption of validity of a patent codified at 35 U.S.C. § 282.

After all the work that went into this trial, it would be an extraordinary step - - even in a non-patent case - - to invalidate the jury's decision. But when defendants' added evidentiary burdens under patent law are taken into account, I find the jury's decisions on these three issues to be fully supported. In each instance, defendants essentially re-argue the case they made and lost to the jury. In those few instances where a legal issue is raised (e.g., that plaintiff's are bound by a pretrial admission regarding IMC 129 as prior art) I have previously ruled against

defendants, and I adhere to those rulings now.[1]

I further find no reason to justify a new trial. The jury's decisions were both rational and just on the evidence they heard. Defendants' motions #518, 519 and 520 are DENIED.

DATED this  4th   day of October, 2005.

IT IS SO ORDERED.

                                          /s/ Michael W. Mosman
                                          MICHAEL W. MOSMAN
                                          United States District Judge

---

[1] Plaintiff contends that defendants have raised a factual argument for the first time in these motions: that Dr. Raymer's two stage breeding approach shows obviousness. Defendants certainly attempted to discredit Dr. Raymer's breeding approach on a number of grounds through cross-examination and otherwise. To the degree this precise argument is now raised for the first time, I reject it.

PAGE 3 - OPINION AND ORDER