UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CARGILL, INCORPORATED,

        Plaintiff,

        v.

CANBRA FOODS, LTD., et al.,

        Defendants.

No. CV03-1209-MO

ORDER RE: MOTION FOR JUDGMENT OF INVALIDITY

**MOSMAN, J.,**

## INTRODUCTION

Defendants have moved for a judgment of invalidity. They contend that certain claims of each patent are too indefinite to be valid. The question of invalidity is for the court. Generally, it is resolved by looking only at intrinsic evidence. That is, the indefiniteness inquiry is limited to whether one of ordinary skill in the art, reading the claims in light of the specification, would understand the scope of the claims. *Miles Labs, Inc. v. Shandon Inc.*, 997 F.2d 870, 875 (Fed. Cir. 1993); *see also Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1378 (Fed. Cir. 2000).

All of the claims at issue depend, to some degree, on one of two oxidative stability limitations: (1) "about 35 to about 40 AOM hours," or (2) "a peroxide value that increases by a maximum of about 24.5 meg/kg after accelerated aging for 15 days." For our purposes, there are two important features of these oxidative stability limitations: (1) they each employ a standardized test for measuring stability subject to a recognized coefficient of variation; (2) the test value is extended somewhat by using the term "about." Defendants contend that the combination of use of the word "about," layered over the coefficient of variation, makes the

boundaries of these claims unclear.  Defendants further contend the presence of close prior art exacerbates the uncertainty.  The core of defendants' argument is that these three strikes -- coefficient of variation, "about," and close prior art -- invalidate the patent.

ANALYSIS

I.  Legal Standards

Defendants bear the burden of proof.  They can overcome the presumption a patent is valid only by proving the claims are indefinite by clear and convincing evidence.  35 U.S.C. § 282; *Nystrom v. Trex Co.*, 374 F.3d 1105, 1117 (Fed. Cir. 2004).

The dispute should be resolved on a review of intrinsic evidence.  While I reserved ruling on this issue until after trial, I decline to rely on any of the trial evidence.  I do so not only because it is generally disfavored, but also because I do not find the trial evidence in this case to be helpful.  The apparent confusion or uncertainty of some of the testimony was, in my view, simply the typical result of trying to provide scientific testimony in response to questions that ultimately were not seeking scientific answers.  The courtroom, with its opposing but equally certain advocates, has never been a very hospitable place for scientific inquiry, with its inherent uncertainty.

The issue boils down to this:  Could a person of ordinary skill in the art of plant breeding review the intrinsic evidence and understand the scope of the claims?

II.   Application

Defendants contend the claims are indefinite because the coefficient of variation, as applied to the measured AOM value, means one of skill in the art simply cannot know whether a given sample has a "true" value that infringes.

Defendants also contend that the case of *Amgen, Inc., v. Chugai Pharmacy Co.*, 927 F.2d 1200 (Fed. Cir. 1991), compels invalidity. Their argument is that *Amgen* establishes, as a matter of principle, that where there is experimental variation in a recited numerical range that places the claimed subject matter close to the prior art, the inclusion of the term "about" in the claim invalidates the patent.

Plaintiff responds to these arguments and further claims that this court's *Markman* ruling forecloses a finding of indefiniteness.

A. The *Markman* Ruling:

Plaintiff argues that completed claim construction forecloses a finding of indefiniteness; i.e., the ability to construe claims is inconsistent with the assertion they are indefinite. It cites a number of cases seemingly supportive of that per se rule. *See Exxon Research & Engineering Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001); *see also Bancorp Servs., L.L.C. v. Hartford Life Ins. Co.,* 359 F.3d 1367, 1371 (Fed. Cir. 2004).

Defendants assert plaintiff's argument is wrong as a matter of law. But they do not cite any case that squarely contradicts the language in *Exxon*, *Bancorp* and the other cases on which plaintiff relies. Neither *Intervet America Inc. v. Kee-Vet Labs, Inc.*, 887 F.2d 1050, 1053 (Fed. Cir. 1989), nor *Union Pacific Resources v. Chesapeake Energy Corp.*, 236 F.3d 684 (Fed. Cir. 2001) can even remotely be cited for the proposition that a claim that can be fully construed can nevertheless be indefinite. The same holds true of *Harris Corp. v. IXYS Corp.*, 114 F.3d 1149, 1156 (Fed. Cir. 1997), which deals with enablement and expressly foregoes any discussion of indefiniteness, and the other cases cited by defendants.

Despite defendants' lack of contrary authority, it remains analytically puzzling why

completed claim construction would foreclose indefiniteness.  In the abstract, it would appear possible to construe a claim, i.e., give the words of a claim their appropriate meaning, and still be left with a claim that is indefinite.  Nevertheless, it appears that caselaw from the Federal Circuit amply supports the position taken by plaintiff.

I find further grounds in support of patent validity in the intrinsic record in this case, separate from the per se rule above.  Specifically, I find claim construction relevant to the indefiniteness inquiry in this way:  it rejected any dichotomy between "measured" value and "true" value.  Defendants contend the true value of any sample is the measured value, plus or minus the coefficient of variation.  In claim construction, I implicitly rejected this concept of "true" value and held that the numerical limitations mean what they say, without grafting on to them any coefficient of variation.  As I suggested then, the fact that the empirical test methods have established measurement error is a fact that could be presented to the jury on the issue of infringement.  Defendants successfully did so.  But the measurement error does not give the numerical value an altered meaning.

All of this leads us to the *Amgen* case.  Defendants contend that when three things are present -- experimental variation in a recited numerical range, close prior art, and use of the term "about" -- the claim is indefinite.  I do not read *Amgen* to state such a broad proposition for several reasons.

First, the range of error in *Amgen* was significantly broader than here.  Both the district court and the Federal Circuit cast doubt on the form of measurement itself as imprecise. 927 F.2d at 1217.  *Amgen* involved what was then a new technology without accepted industry standards of measurement and error; quite the opposite is true in this case.  Nor does it appear

that the error rate in *Amgen* was used to alter the meaning of the numerical terms.

Second, the Federal Circuit took some pains not to announce a broad rule: "[W]e caution that our holding that the term "about" renders indefinite claims 4 and 6 should not be understood as ruling out any and all uses of this term in patent claims. It may be acceptable in appropriate fact situations . . ." *Id*. at 1218. The court found invalidity of the relevant claims on more than one basis, further diluting the use of *Amgen* to support any broad rule.

Third, the issue of close prior art applies differently in *Amgen* than here. In *Amgen* the district court found the measurement methodology itself to be so imprecise that the chosen value of 160,000 IU/AU failed to distinguish the invention over the close prior art. That was not true here. If the numerical values are given their ordinary meaning, then a person of ordinary skill in the art would be able to determine that the IMC 129 value of 30 was distinguishable from "about 35." That is not to say there is no imprecision. There is, as the trial testimony demonstrated. But that is inherent in the use of the word "about", which has been repeatedly allowed.

## CONCLUSION

Because of the authority of cases like *Exxon Research*; because I do not find that the error rate alters or renders ambiguous the plain meaning of the patent's numerical values; and because I do not read *Amgen* to establish any broad proposition applicable here; I DENY defendants' motion for judgment of invalidity on the grounds of indefiniteness (#517).

IT IS SO ORDERED.

DATED this   22nd   day of November, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge