IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CARGILL, INCORPORATED, a Delaware corporation,

    Plaintiff,

  v.

CANBRA FOODS, LTD., a Canadian corporation,
DOW AGROSCIENCES LLC, a Deleware corporation,
DOW AGROSCIENCES CANADA, INC., a Canadian corporation,

    Defendants.

No. CV 03-1209-MO

OPINION AND ORDER

**MOSMAN, J.,**

    As the parties are familiar with the history of this case, I will not repeat much of it here. Suffice it to say that as an introduction to patent law, the manner in which the parties, and defendants in particular, tried this case tended to confirm most of its worst stereotypes. It was a case in which every conceivable argument was made, whether useful or supported or not, and every possible point was disputed or argued. Just before trial, defendants filed a flurry of approximately nineteen dispositive motions, sufficient to take over the library table in chambers. This was followed by motions in limine and objections to exhibits and witnesses that covered just about every page of evidence and every word of testimony that could be offered at trial.

PAGE 1 - OPINION AND ORDER

The trial itself was conducted more like a military engagement than a civil trial. This included phalanxes of lawyers, probably almost twenty in all, supported by other ground forces sufficient to fill the well of the court to overflowing. I will save for another day, if necessary, my views on how much of what the jury heard, and how many times they heard it, was necessary for a coherent presentation of the case. But in terms of fee awards, and balancing equities, it is worth noting that the actual presentation at trial was highly repetitive and interrupted with constant haggling over the most minute details.

Much of the blame for this rests on defendants. It was only by herculean effort that the court was able to resolve pretrial issues in a manner that did not necessitate a continuance--the apparent goal of the massive filings. Because of the crush of work, some issues, inevitably, had to be taken under advisement until after trial. These late filings had the impact of creating a constantly shifting groundwork for trial. In the end, they contributed to the result here--a jury verdict in favor of plaintiff, with a post-trial ruling that made defendants the prevailing party.

It is in this context that defendants now seek about $11,000,000 in attorney fees. For the reasons given below, the request is DENIED.

## **Attorney Fees in Patent Cases**

Under the controlling statute, the court "in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Setting the bar at "exceptional" has a rather obvious purpose: to deter bringing unwarranted suits on obviously invalid patents, *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir. 1988), while still allowing meritorious or more arguable cases to go forward without the threat of fee shifting. In addition, even when a case is deemed exceptional, the court retains the discretion not to award fees for a variety of equitable reasons particular to that case. *See Johnson & Sons, Inc. v. Carter-Wallace, Inc.,* 781 F.2d 198, 201 (Fed. Cir. 1986).

Defendants' principal argument for deeming this case exceptional is this court's finding of inequitable conduct by plaintiff. Defendants cite a number of cases for the proposition that such

a finding "usually results in the conclusion that the case is an 'exceptional' one calling for the allowance of attorney fees." Defs.' Mem. in Supp. of Mot. for Atty Fees at 4. Plaintiff argues that not all inequitable conduct cases require fee shifting, and that in this case the inequitable conduct, taken in context, should not support an award of fees.

      I agree with the proposition that a finding of inequitable conduct does not *require* a finding that the case is exceptional. In this case, the facts surrounding the withheld data do not justify labeling this case exceptional under § 285. I have previously set out those facts in my opinion and order on inequitable conduct. It is enough for today's purposes to note that while the withheld data on oxidative stability had tremendous legal significance on the outcome of the case, I find them an insufficient basis for finding that this wide-ranging lawsuit was clearly unwarranted or that the patents were obviously unenforceable. I am very familiar with the course of discovery in this case, and the presentation of evidence both pre-trial and trial. With so many issues in play, it would have been difficult for plaintiff to hone in on any one particular defense. And I accept, on this record, that among relevant actors only Dr. DeBonte knew of the withheld data until well after this suit was filed. Of course, the significance of the withheld documents should have been clear to Dr. DeBonte. His actions are attributable to plaintiff on the question of enforceability. But they must be viewed more broadly on the issue of whether this case is exceptional. The question under § 285 has more to do with whether, taking the litigation as a whole, the suit was obviously unjustified. I hold that it was not.

      Defendants further argue that in addition to the finding of inequitable conduct, other trial victories justify an award of fees under § 285. But in a counting of partial victories, defendants are at a distinct disadvantage. It is important not to lose sight of the fact, after all, that this jury trial ended in victory for plaintiff. And there were numerous other pretrial and post-trial victories for plaintiff as well. This is why, even if I found this case exceptional, I would exercise my discretion not to award fees. On many important issues, the case was either very close or favored plaintiff. The defense of the case was conducted in such a way that the issue on which it

ultimately prevailed was obscured, rather than highlighted, in a volley of arguments of varying degrees of merit, all requiring the time and attention of plaintiff and the court. In light of the "enormous amount of time spent in this litigation on substantive issues on which [Cargill] and not [Dow] prevailed," an award of fees "would represent a cost out of proportion to [Cargill's] inequitable conduct." *A.B. Dick Co. v. Burroughs Corp.,* 798 F.2d 1392, 1400 n.11 (Fed. Cir. 1986) (quoting and affirming the district court opinion at 617 F.Supp 1382, 1398 (N.D. Ill. 1985).

Defendants' motion for attorney fees (#630) is accordingly DENIED.

IT IS SO ORDERED.

DATED this  5th   day of September, 2007.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge