IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARGILL, INCORPORATED, a Delaware corporation,

Plaintiff,

v.

CANBRA FOODS, LTD., a Canadian corporation,
DOW AGROSCIENCES LLC, a Delaware corporation,
DOW AGROSCIENCES CANADA, INC., a Canadian corporation,

Defendants.

No. CV 03-1209-MO

OPINION re: Bill of Costs

MOSMAN, J.,

Defendants prevailed in this matter and now seek their costs in the amount of $183,734.32 (#608). Plaintiff objects. Because some of defendants' costs do not meet the standards outlined in 28 U.S.C. § 1920, their request is GRANTED IN PART AND DENIED IN PART, and they are awarded $144,529.03.

## Discussion

The District Court has discretion to award costs, but only those costs identified in 28 U.S.C. §1920 are properly recoverable. *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 176-77 (9th Cir. 1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987)). Defendants seek reimbursement for costs associated with (1) depositions/transcripts ($53,324.84); and (2) photocopies of the exhibits, appendices, and other documents filed with the court ($130,409.48).

Costs are generally available to a prevailing party. Federal Rule of Civil Procedure

PAGE 1 - OPINION AND ORDER

54(d)(1) provides that, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule "creates a presumption for awarding costs to prevailing parties." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.* at 945. When the court exercises its discretion to deny costs, it must explain its reasons for doing so. *Id.*

**I.      Deposition Costs**

I grant the deposition/transcript costs.

**II.     Photocopying Costs**

Photocopying costs are allowed to the extent the copies were "necessarily obtained for use in the case." 28 U.S.C. §1920(4). Furthermore, "[c]opies made for the convenience of counsel are ordinarily not taxable costs." *Roberts v. Charter Nat'l Life Ins. Co.*, 112 F.R.D. 411, 414 (S.D. Fla. 1986) (citing *Fressell v. AT&T Techs., Inc.*, 103 F.R.D. 111, 116 (N.D.Ga. 1984)).

Defendants' calculation of photocopying costs is excessive. It is clear that defendants spent at least $38,978.10 on imaging capture and converting files from PDF format to TIFF format. Given the complex nature of this case and the parties' agreement to produce documents electronically in TIFF format, I award the $38,978.10 cost. Defendants also seek $78,410.58 for outside photocopying costs. Based on my experience with this case and the number of attorneys representing defendants, I deny 50% ($39,205.29) of those costs because defendants incurred those additional photocopying costs "for the convenience of counsel." *See Summit Tech. Inc. v. Nidek Co.*, 435 F.3d 1371, 1378 (2006) (awarding 50% of all photocopying costs is a somewhat

PAGE 2 - OPINION AND ORDER

"crude" but reasonable measure).

### III. The Arithmetic

| | |
|---|---|
| Total Amount Requested: | $183,734.32 |
| Extra Copies: | (39,205.29) |
| Total Award: | $144,529.03 |

IT IS SO ORDERED.

DATED this 27 day of September, 2007.

MICHAEL W. MOSMAN
United States District Court